IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| PRISCILLA S. CATES, Individually and as the administrator of the Estate of Bobby Ray Cates, | § § § § | |
| Plaintiff, | § § | No. 7:00-CV-0121-O |
| v. | § § | ECF |
| MATTHEW SCOTT CREAMER, et al., | § § | |
| Defendants. | § | |

## MEMORANDUM OPINION & ORDER

Before the Court is the defendant Hertz Corporation's ("Hertz") Motion to Alter, Amend, or Vacate Judgment ("Motion to Alter"), filed March 10, 2008 (Doc. 151). The plaintiff, Priscilla S. Cates, filed a response on March 31, 2008 (Doc. 152). For the reasons stated herein, Hertz's motion is DENIED.

## I.

This case involves a car accident that took place in Texas. While driving through Texas, the defendant driver Matthew Scott Creamer ("Creamer"), a resident of Florida, momentarily fell asleep at the wheel of a Hertz rental vehicle, which led to an accident severely injuring Bobby Cates ("Cates"), a Texas resident. The vehicle involved in the accident was registered and licensed in Florida and the lease for the vehicle with Hertz was executed in Florida. The rental agreement referenced Florida's financial responsibility and "no fault" personal injury laws but it did not contain a choice of law provision. Hertz is incorporated in Delaware and its principal place of business is in New Jersey.

Cates filed a diversity suit in the Northern District of Texas on June 29, 2000. Cates sued Creamer for negligent operation of a motor vehicle under Texas law, and sought to be compensated for medical expenses and lost wages. Cates also sued Hertz under Florida's dangerous instrumentality doctrine.[1] Texas does not recognize the dangerous instrumentality doctrine and has adopted the doctrine of negligent entrustment.[2] Hertz moved for summary judgment, contending that Texas law controls the vicarious liability issue. This Court, applying Texas law, granted Hertz's summary judgment motion exonerating Hertz from liability. The first jury found no negligence and returned a verdict for Creamer. This Court subsequently granted a new trial and the second jury found Creamer 70% at fault for the accident and awarded Cates damages. Cates sought on appeal to collect the award from Hertz based on Florida law of vicarious liability. Creamer sought on appeal to reinstate the first jury's verdict.

On November 28, 2005, the United States Court of Appeals for the Fifth Circuit affirmed the judgment against Creamer, but vacated and remanded this Court's grant of summary judgment for Hertz. The Fifth Circuit stated, "[T]he district court erred in applying Texas law to the issue of Hertz's vicarious liability. Because the district court did not conduct a vicarious liability inquiry under Florida law, we remand this case to it for determination, under Florida law, of Hertz's vicarious liability for Cates's judgment against Creamer." *Cates v. Creamer*, 431 F.3d 456, 466 (5th

---

[1] Florida's dangerous instrumentality doctrine holds an owner/lessor of a vehicle vicariously liable when the owner/lessor entrusts the vehicle to a lessee whose negligent operation causes damage to another. *Aurbach v. Gallina*, 753 So.2d 60, 62 (Fla. 2000).

[2] The elements of negligent entrustment are: "(1) entrustment of a vehicle by the owner; (2) to an unlicensed, incompetent, or reckless driver; (3) that the owner knew or should have known to be unlicensed; (4) that the driver was negligent on the occasion in question and (5) the driver's negligence proximately caused the accident." *Schneider v. Esperanza Transmission Co.*, 744 S.W.2d 595, 596 (Tex. 1987).

Cir. 2005). The Fifth Circuit specifically instructed that "[o]n remand, the district court should focus particularly on whether the Florida law of vicarious liability may be applied to benefit non-Florida residents in a situation such as the case at hand." *Cates*, 431 F.3d at 466. Furthermore, the Fifth Circuit observed, "It seems that the district court will have to make an *Erie* guess to resolve the question, as no Florida precedent exists to resolve the question." *Id.*

On February 25, 2008, the Court issued an opinion finding that the Florida supreme court would apply the dangerous instrumentality doctrine to benefit a non-Florida resident injured outside of Florida. *See* February 25, 2008 Opinion at 4-17. Hertz subsequently filed its Motion to Alter seeking relief under Federal Rule of Civil Procedure 59(e). Def.'s Mot. at 1. Plaintiff filed her motion to substitute and suggestion of death regarding Bobby Cates on October 23, 2006. Pl.'s Resp. at 4. Hertz states, "Mr. Cates' death represents an important factual development because the damage model presented at the trial was based on a 10-year or 15-year projected life expectancy, which is plainly no longer applicable. Rather, at this stage of litigation, Mr. Cates' damages are fixed and certain and, given the timing of Mr. Cates' death, no doubt substantially less than the amount projected and awarded at the Creamers' trial." Def.'s Mot. at 3. Therefore, Hertz argues that it is "entitled to a trial on medical damages under an exception to the law of the case doctrine." Def.'s Mot. at 1. The Plaintiff filed a response arguing that Hertz's argument should have been raised previously in response to Plaintiff's motion for judgment and that Bobby Cates' death does not give rise to a basis for relief under Rule 59(e). Pl.'s Resp. at 4-16.

## II.

"A Rule 59(e) motion 'calls into question the correctness of a judgment.'" *Templet v. HydroChem, Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (quoting *In re Transtexas Gas Corp.*, 303 F.3d

571, 581 (5th Cir. 2002)). "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet*, 367 F.3d at 479 (citation omitted). The Fifth Circuit "has held that such a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet*, 367 F.3d at 479 (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). "Rather, Rule 59(e) 'serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence.'" *Templet*, 367 F.3d at 479 (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)). "[W]hile a district court has considerable discretion in deciding whether to reopen a case in response to a motion for reconsideration, such discretion is not limitless." *Templet*, 367 F.3d at 479 (citing *Lavespere v. Niagara Machine & Tool Works, Inc.*, 910 F.2d 167, 174 (5th Cir. 1990)). The Fifth Circuit "has identified two important judicial imperatives relating to such a motion: 1) the need to bring litigation to an end; and 2) the need to render just decisions on the basis of all the facts." *Id*.

### III.

As mentioned above, a Rule 59(e) motion is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet*, 367 F.3d at 479. As Plaintiff points out, Hertz's present argument, presented March 10, 2008, regarding its entitlement to a trial on medical damages was not raised in Hertz's response to Plaintiff's motion for judgment. Pl.'s Resp. at 4-5. Hertz also did not raise the trial on medical damages argument in its motion for Judgment. *See* Doc. 127. In fact in both Hertz's response to Plaintiff's motion for judgment and in Hertz's motion for judgment, Hertz only asked the Court to "deny Cates' Motion to Enter Judgment and enter a new judgment for Hertz " and did not ask the

4

Court for a trial on medical damages. Def.'s Mot. for Judgment at 20; Def.'s Resp. to Pl.'s Mot. for Judgment at 19. As Plaintiff points out, after briefing on the motions for judgment was completed, on August 30, 2007, Hertz raised the trial on medical damages argument for the first time in a reply brief to its brief addressing the Court's December 18, 2006 decision in *Dunn v. Madera*. Pl.'s Resp. at 9; Def.'s Reply at 6. The Court need not address any arguments raised for the first time in a reply. *See United States v. Jackson*, 426 F.3d 301, 304 n.2 (5th Cir. 2005) ("Arguments raised for the first time in a reply brief, even by pro se litigants . . . are waived.") (citing *Knighten v. Commissioner*, 702 F.2d 59, 60 n.1 (5th Cir. 1983)). *See also Senior Unsecured Creditors' Comm. of First Republic Bank Corp. v. F.D.I.C.*, 749 F. Supp. 758, 772 (N.D. Tex. 1990) (Fitzwater, J.) ("The FDIC raised its third argument for the first time in its reply brief and the court will not consider it in deciding the motion to dismiss.").

Furthermore, Bobby Cates' death is not newly discovered evidence. Plaintiff filed her motion to substitute and suggestion of death regarding Bobby Cates on October 23, 2006. *See* Pl.'s Resp. at 4. In addition, there is not a manifest error to correct. Hertz contends that "it would be clear error and manifestly unjust to hold Hertz liable for the judgment entered against the Creamers. Hertz had no opportunity to defend itself in the trial against the Creamers, having been dismissed from the case prior to those trials." Def.'s Mot. at 5. However, Hertz's liability to Plaintiff is vicarious, based on the negligence of defendant Creamer. Hertz also contends that "the jury in the second Creamer trial based its assessment of Mr. Cates' future medical damages on expert testimony projecting the cost of Mr. Cates' medical treatment assuming that he would live for either another ten (10) or fifteen (15) years. Instead Mr. Cates passed away during the pendency of this action. . . . Given this change in circumstances, and the critical fact that Mr. Cates' medical damages can now be determined with

5

certainty, it would be unjust to hold Hertz vicariously liable for a damages award that is not supported by the facts of the case . . . ." *Id*. "To hold that a plaintiff's death following a jury verdict is the sort of 'substantial injustice' requiring the reopening of cases or award of new trials under the Federal Rules of Civil Procedure would be to invite a morass of appeals from defendants in cases where the plaintiffs did not survive an 'acceptable' amount of time following the entry of final judgment." *Davis by Davis v. Jellico Cmty. Hosp., Inc.*, 912 F.2d 129, 135 (2d Cir. 1990). "The fact that a plaintiff dies even a second after judgment is entered does not render evidence regarding an expected life span 'false' nor the judgment invalid. The testimony regards an expectancy, not a certainty. Had [Plaintiff] lived well beyond his expected life span, Rules 59 and 60 would not have allowed him to move for a supplemental award of damages." *Id. See also Campbell v. American Foreign S.S. Corp.*, 116 F.2d 926, 928 (2d Cir. 1941) ("If it were ground for new trial that facts occurring subsequent to trial have shown that the expert witness made an inaccurate prophecy of the prospective disability of the plaintiff, the litigation would never come to an end.").

**IV.**

In sum, Hertz should have raised its argument regarding a trial on medical damages at an earlier time. Furthermore, the death of Bobby Cates is not newly discovered evidence nor is there a manifest error to correct. For these reasons, Hertz's Motion to Alter (Doc. 151) is denied.

So ordered, this 27th day of June, 2008.

_____
**Reed O'Connor**
**UNITED STATES DISTRICT JUDGE**